1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| FRANCISCO JOEL MONTELONGO-MONTEON, | CASE NO. 12-CV-2104 W |
|---|---|
| Defendant-Petitioner, | 12-CV-2105 W |
| v. | 09-CR-3133 W |
| | 09-CR-3134 W |
| UNITED STATES OF AMERICA, | **ORDER DENYING MOTION TO VACATE [DOC 194.]** |
| Respondent. | |

On August 24, 2012, Petitioner Francisco Joel Montelongo-Monteon ("Petitioner"), a federal prisoner proceeding *pro se*, commenced this Section 2255 habeas corpus proceeding[1] (*Pet.* [Doc. 194].[2])  On October 22, 2012, Respondent United States of America ("Respondent" or "Government") filed a Response in Opposition to Petitioner's Motion for Relief under 28 U.S.C. § 2255 (*Respt's Opp'n* ("Opposition") [Doc. 200]).  On November 15, 2010, Petitioner filed a Reply to

---

[1] Petitioner filed the instant § 2255 motion in connection with Criminal Case Nos. 09-CR-3133 and 09-CR-3134.  The Court opened two civil cases, Civil Case Nos. 12-CV-2104 and 12-CV-2105, corresponding to these two cases.

[2] Unless otherwise specified, all docket references refer to Case No. 09-CR-3133 W.

Respondent's Opposition to Motion to Vacate under 28 U.S.C. § 2255 (*Petr's Reply* ("Reply") [Doc. 202]).

The Court decides the matter on the papers submitted and without oral argument. <u>See</u> Civil Local Rule 7.1 (d.1). For the reasons stated below, the Court **DENIES** the Motion to Vacate.

I.  **BACKGROUND**

On August 21, 2009, a federal grand jury returned two indictments against Petitioner, indictment 09-CR-3133 W, and indictment 09-CR-3134 W. Indictment 09-CR-3133 W contained counts for: (Count 1) conspiracy to import 100 kilograms or more of marijuana in violation of 21 U.S.C. §§ 952, 960, and 963; (Count 2) conspiracy to distribute 100 kilograms or more of marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 846; (Count 3) knowingly and intentionally possessing 50 kilograms or more of marijuana with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; and (Count 4) knowingly and intentionally possessing 100 kilograms or more of marijuana with intent to distribute in violation of 21 U.S.C. §841(a)(1) and 18 U.S.C. § 2. (*See Indictment 09-CR-3133 W* [Doc. 1].)

Indictment 09-CR-3134 W contained counts for: (Count 5) conspiracy to import 1000 kilograms or more of marijuana in violation of 21 U.S.C. §§ 952, 960, and 963; (Count 6) conspiracy to distribute 1000 kilograms or more of marijuana in violation of 21 U.S.C. §§ 846(a)(1) and 846; (Count 7) knowingly and intentionally possessing 100 kilograms or more of marijuana with intent to distribute in violation of 21 U.S.C. § 846(a)(1) and 18 U.S.C. § 2; and (Count 8) knowingly and intentionally possessing 100 kilograms or more of marijuana with intent to distribute in violation of 21 U.S.C. § 846(a)(1) and 18 U.S.C. § 2. (*See Indictment 09-CR-3134 W* [Doc. 1].[3])

On August 25, 2009, law enforcement arrested Petitioner. On March 31, 2011, Petitioner entered into a plea agreement with Respondent and Petitioner pled guilty to

---

[3]This docket reference refers to Case No. 09-CR-3134 W.

participating in a conspiracy to import over 100 kilograms of marijuana and a conspiracy to distribute over 1000 kilograms of marijuana. (*Plea Agreement* ("Plea Agreement") 2 [Doc. 164].)  In exchange for Petitioner's guilty plea and a stipulated 144 month sentence, Respondent dismissed the six counts remaining against Petitioner. (*Id.* at 2,10.) On May 13, 2011, the United States Probation Office filed a pre-sentence report that  explained that sentencing guidelines for the remaining counts were 120 to 135 motnhs.  (*Pre-Sentence Report* ("PSR") 24 [Doc.170].)

      Petitioner's Plea Agreement included  an appeal waiver that stated:

> In exchange for the Government's concessions in this plea agreement, [Petitioner] waives, to the full extent of the law, any right to appeal or to collaterally attack the conviction and sentence, including any restitution order, unless the Court imposes a custodial sentence above the greater of the high end of the guideline range recommended by the Government pursuant to this agreement at the time of sentencing[.]

(*Plea Agreement* 11).  The plea agreement also provided:

> By signing this agreement, [Petitioner] certifies that [Petitioner] has read it (or that it has been read to [Petitioner] in [Petitioner's] native language). [Petitioner] has discussed the terms of this agreement with defense counsel and fully understands its meaning and effect . . . [Petitioner] has consulted with counsel and is satisfied with counsel's representation.

(*Plea Agreement* 12-13).  Defendant signed the Plea Agreement and initialed each page. (*See id.*)

      On August 31, 2011, the Court accepted the Plea Agreement and sentenced Petitioner to 144 months in prison. (*Judgment* [Doc.190].)  On August 24, 2012, Petitioner commenced this proceeding and filed a Motion to Vacate pursuant to 28 U.S.C. § 2255, alleging his circumstances fit an exception to the appeal waiver, allowing him to collaterally attack his sentence for ineffective assistance of counsel.  (*Pet.* [Doc. 194).  Respondent opposes.

II.    LEGAL STANDARD

      Under 28 U.S.C. § 2255, a federal sentencing court is authorized to discharge or re-sentence a defendant if it concludes that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction

to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). This statute is intended to alleviate the burden of habeas corpus petitions filed by federal prisoners in the district of confinement, by providing an equally broad remedy in the more convenient jurisdiction of the sentencing court. See United States v. Addonizio, 442 U.S. 178, 185 (1979); Hernandez v. Campbell, 204 F.3d 861, 864 n.4 (9th Cir. 1999).

The remedy available under § 2255 is as broad and comprehensive as that provided by a writ of habeas corpus. See United States v. Addonizio, 442 U.S. 178, 184-85 (1979). But this "does not encompass all claimed errors in conviction and sentencing." Id. at 187. A mere error of law does not provide a basis for collateral attack unless the claimed error "resulted in a complete miscarriage of justice or in a proceeding inconsistent with the rudimentary demands of fair procedure." Hamilton v. United States, 67 F.3d 761, 763-64 (9th Cir. 1995) (quoting United States v. Timmreck, 441 U.S. 780, 783-84 (1979)).

### III. DISCUSSION

Petitioner contends his circumstances fit an exception to the appeal waiver, allowing him to collaterally attack his sentence for ineffective assistance of counsel. *(See Pet.;Petr's Reply.)* Respondent argues the appeal waiver precludes Petitioner from collaterally attacking his sentence. (*See Respt's Opp'n.*)

Federal courts have repeatedly upheld the validity of appeal waivers on public policy grounds. See United States v. Navarro-Botello, 912 F.2d 318, 321-22 (9th Cir. 1990); see also United States v. Wiggins, 905 F.2d 51, 53 (4th Cir. 1990). Courts will enforce a Petitioner's appeal waiver if (1) the waiver is knowingly and voluntarily made, and (2) the waiver, by its terms, waives the right to appeal. United States v. Nunez, 223 F.3d 956, 958 (9th Cir. 2000). The same standard applies to waivers of collateral attack. See United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1993).

### A.    PETITIONER KNOWINGLY AND VOLUNTARILY ENTERED INTO THE PLEA AGREEMENT.

In analyzing the knowing and voluntary nature of Petitioner's waiver, the Court considers the circumstances surrounding the Plea Agreement's signing and entry. United States v. Baramdyka, 95 F.3d 840, 843 (9th Cir. 1996). Additionally, a properly argued claim of ineffective assistance of counsel may render a appeal waiver unenforceable when the ineffective counsel claim challenges the voluntariness of the appeal waiver itself. Guerra-Tapia v. United States, 2010 WL 4009424, at *1 (S.D. Cal. Oct. 8, 2010) (citing Washington, 422 F.3d at 871).

Here, the circumstances indicate Petitioner voluntarily and knowingly waived his appeal rights, and Petitioner's ineffective assistance of counsel claim insufficiently challenges the voluntariness of the appeal waiver.   Under the express terms of the Plea Agreement, Petitioner certified he read the Plea Agreement (or had it read to him in his native language), discussed its terms with defense counsel, and fully understood its meaning and effect. (*Plea Agreement* 12-13.)  Petitioner expressly acknowledged his satisfaction with defense counsel's representation.  (*Id.* at 13). Nowhere does Petitioner explicitly state he involuntarily or unknowingly waived his appeal rights.  (*See Pet.; Petr's Reply*.)  Petitioner's only hint that Petitioner may have involuntarily waived his appeal rights is buried in Petitioner's Reply where Petitioner alleges his counsel made a "spontaneous statement about waiving Petitioner's appeal right without first consulting with Petitioner about the appeal[.]" (*Petr's Reply* 2.) However, the record strongly controverts Petitioner's claim that his counsel spontaneously waived his appeal.   The Plea Agreement bears Petitioner's signature and initials certifying Petitioner voluntarily and knowingly waived his rights, and Petitioner told the Court he had enough time to talk to his attorney and he understood his Plea Agreement at his disposition hearing. (*Plea Agreement* 11-13; *Respt's Opp'n*, Ex. 4 at 4.)  Under these circumstances, the Court holds that Petitioner knowingly and voluntarily agreed to the waiver as contained in the Plea Agreement.

**B. THE LANGUAGE OF THE PLEA AGREEMENT EXPLICITLY WAIVES PETITIONER'S RIGHT TO COLLATERALLY ATTACK HIS CONVICTION AND HE IS NOT ENTITLED TO AN EXCEPTION TO THE WAIVER.**

A valid waiver also must, by its terms, waive Petitioner's right to attack his conviction or sentence. See Nunez, 223 F.3d at 958. In analyzing the terms of a waiver, courts apply contractual principles, including the parol evidence rule. Id. (citing United States v. Ajugwo, 82 F.3d 925, 928 (9th Cir. 1996)). Accordingly, courts examine the "plain language" of an instrument, and need not consider extrinsic evidence in the absence of facial ambiguity. Nunez, 223 F.3d at 958.

Petitioner does not contest that the language of the Plea Agreement explicitly waives his right to collaterally attack his conviction. He instead argues that the Court's 144-month sentence exceeded the guideline range recommended by the Government, entitling him to appeal. (*Pet.* 4). Petitioner is mistaken.

The Plea Agreement provides, in relevant part, that the Petitioner may not appeal his sentence unless "the Court imposes a custodial sentence above the greater of the high end of the guideline range recommended by the Government pursuant to this agreement at the time of sentencing." (*Plea Agreement* 11). Petitioner argues that this condition for appeal was met because the Pre-Sentence Report included a guideline range of 120 to 135 months for his sentence, which was exceeded by his actual sentence. (*Pet.* 3; *PSR* 24.) While the sentence imposed does exceed the guidelines in the PSR, it does not exceed the range "recommended by the Government pursuant to [the plea] agreement at the time of sentencing." Indeed, the sentence recommended by the Government in the Plea Agreement and at the time of sentencing was 144 months. (*Plea Agreement* 9; *Sentencing Summary Chart* [Doc. 188].) The record is replete with evidence that Petitioner bargained for this 144-month sentence. (*See Plea Agreement*; *see also PSR* 8; *see also Sentencing Summary Chart*.) The Court then imposed that exact sentence. Because Petitioner's sentence is consistent with the terms of the Plea Agreement and the Government's recommendations, Petitioner's collateral attack is barred, and the Court is prevented from granting the habeas relief requested.

### C. PETITIONER IS NOT ENTITLED TO A CERTIFICATE OF APPEALABILITY.

Pursuant to §2253, an appeal may not be taken from the final order in a proceeding under section 2255 unless the district court issues a certificate of appealability. F.R.C.P. § 2253(c). The denial of a habeas petition on the ground the right to collaterally attack the issue presented was knowingly and voluntarily waived is a denial on procedural grounds. See United States v. Bibler, 495 F.3d 621, 624 (9th Cir. 2007) (holding that waiver of appellate rights precludes *substantive* review.) "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability is not warranted in this case.

### VI. CONCLUSION AND ORDER

For the reasons stated above, Petitioner Francisco Joel Montelongo-Monteon's Motion to Vacate under 28 U.S.C. § 2255 [Doc. 194] is **DENIED**. The Court **DENIES** issuance of any certificate of appealability in this action. The Clerk of the Court shall close the district court file in both associated civil cases.

**IT IS SO ORDERED.**

DATED: March 4, 2013

_____
Hon. Thomas J. Whelan
United States District Judge